[857 NYS2d 105]

In the Matter of DEXTER C. WADSWORTH (Admitted as DEXTER CHARLES ANTHONY WADSWORTH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 1, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Louis Freeman, Freeman Nooter & Ginsberg* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Dexter C. Wadsworth was admitted to the practice of law in the State of New York by the First Judicial Department on August 22, 1988, under the name Dexter Charles Anthony Wadsworth. Respondent has maintained an office for the practice of law within this Judicial Department.

The Departmental Disciplinary Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and to strike his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on March 14, 2008, acknowledges that he converted a substantial amount of client funds in three separate matters, that he accepted a $70,000 loan from a client who was not represented by independent counsel and never returned the borrowed money, and that he failed to return an unearned $7,500 legal fee in disregard of a court order. In one of the three matters in which respondent converted funds, he assisted the scheme of two self-proclaimed "financial advisors" operating out of the United Kingdom, who solicited large investments from a group of 33 individuals who entrusted a total of more than $5 million to respondent as attorney and escrow agent. He acknowledges that he did not maintain or properly account for these client funds, that some of the money was used to pay his "administrative costs," some was distributed to certain investors at a time when respondent suspected the investment was not legitimate, and that none of the funds remain in the escrow account. In another matter, he admits that he received a $25,000 down payment on behalf of a client, and used the funds for his personal benefit without the client's authorization.

Respondent's affidavit complies with section 603.11 in that he states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that he is currently the subject of an investigation by the Disciplinary Committee, and (3) he could not successfully defend himself on the merits against allegations that he engaged in egregious professional misconduct (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Accordingly, the Committee's motion should be granted, respondent's resignation from the practice of law accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to March 14, 2008.

LIPPMAN, P.J., MAZZARELLI, SAXE, BUCKLEY and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to March 14, 2008.